UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| KENTRAIL LOLLIS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-278 |
| | ) | *Chief Judge Curtis L. Collier* |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, SILVERDALE; JOHN DOE | ) | |
| TRANSPORTATION OFFICER #1; JOHN | ) | |
| DOE TRANSPORTATION OFFICER #2; | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM

The Court is in receipt of a *pro se* civil rights complaint filed by Kentrail Lollis ("Plaintiff")

pursuant to 42 U.S.C. § 1983 (Court File No. 2) and an application to proceed *in forma pauperis*

(Court File No. 1). Plaintiff brings suit against Corrections Corporation of America ("CCA-

Silverdale") and two John Doe transportation officers. Although difficult to decipher, the Court

discerns Plaintiff claims he is being housed under conditions posing a substantial risk of serious

harm Plaintiff seeks release and protective custody for him and his family.

For the reasons discussed below, Plaintiff's complaint will be **DISMISSED** (Court Doc. 2)

and his motion to proceed *in forma pauperis* will be **GRANTED IN PART and DENIED IN**

**PART** (Court File No. 1).

I.      **Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he

lacks sufficient financial resources at the present time to pay the required filing fee of $350.00.

Therefore Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and

**DENIED IN PART** (Court Doc. 1). Plaintiff's motion to proceed *in forma pauperis* will be

**DENIED** to the extent the filing fee will not be waived but **GRANTED** to the extent Plaintiff can file his complaint without the prepayment of the full filing fee. Therefore, Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee, but rather, will be **ASSESSED** the entire filing fee and permitted to pay it in installments in accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *abrogated on other grounds, Jones v. Bock*, 549 U.S. 199, 205 (2007).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides **SHALL** submit to the Clerk, United State District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this Memorandum to the Warden and the Custodian of Inmate Accounts at CCA-Silverdale Correctional Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee,

to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of inmate Plaintiff's file and follow the inmate if he is transferred to another institution. The agency having custody of Plaintiff **SHALL** continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff will be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II.     Standand of Review

### A.     *Pro Se* Pleadings

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does

3

require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

### B.      *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*

The Court screens the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d at 608.

## III.    Facts

Plaintiff claims that after being transported to Erlanger Medical Center for a scan, he was transported to Hamilton County Jail to attend court. While awaiting a court appearance, six Blood gang members yelled at him, accused him of being a snitch, threatened him, and told him to drop charges of which he claims he is unaware. Plaintiff claims he is also being threatened and harassed

by Blood gang members at CCA-Silverdale. Without identifying to whom he made the request, the

4

date of the request, or who denied his request, Plaintiff claims his request to be placed in protective

custody was denied.[1]

**IV.     Analysis**

###### *A.     42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived

of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2)

the deprivation was caused by a person while acting under color of state law.  *Flagg Bros. Inc. v.*

*Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  To

maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the

defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S.

247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997);  *Zehner v. Trigg*, 952

F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F.3d 459 (7th Cir. 1997).


Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail

---

[1]     Because Plaintiff had written letters complaining about his conditions, out of an abundance of caution, the Court required the Warden at CCA-Silverdale to notify the Court of how they were protecting Plaintiff.  Warden Paul L. Jennings, by letter dated October 14, 2011 (Court File No. 6), advised the Court *inter alia*, that on or about September 7, 2011, the facility investigator reviewed phone calls made by Plaintiff and discovered he had called the Marshals Office claiming he needed protective custody, so Plaintiff was immediately placed in protective custody pending further investigation.  On September 20, 2011, at Plaintiff's review by the segregation review committee, pursuant to Plaintiff's request, he was returned to General Population and housed in moderate custody unit (E1) due to his classification.  On October 11, 2011, subsequent to receipt of this Court's Order requesting information from the Warden, Plaintiff was again asked if he needed protective custody and he "stated that everything was fine where he was currently housed (E1). However, on October 12, inmate Lollis was involved in an altercation which he allegedly provoked and was moved back to the segregation unit (G3) pending disciplinary action." (Court File No. 6).

the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The Supreme Court has rejected the notion that a "wholly conclusory statement of claim" could survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Thus, at a minimum, a complaint must include the necessary facts and grounds upon which a particular claim rests. Additionally, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### B.      Two John Doe Defendants

Plaintiff has named two John Doe transportation officers as defendants in this case.   The Court's Order of October 3, 2011, instructed Plaintiff to notify the Court of the names of the  two John Doe transportation officers within thirty days of the date of that Order. Plaintiff was further notified that failure to provide their names within thirty days would result in their dismissal from this lawsuit. Aside from Plaintiff's failure to allege either of the two John Doe Defendants engaged in any unconstitutional conduct, Plaintiff has failed to provide the names of the two John Doe transportation officers. Consequently, Plaintiff has failed to comply with the Court's Order. *See* Fed. R. Civ. P. 41(b).    Accordingly, John Doe Transportation Officers #1 and #2 will be **DISMISSED** from this lawsuit for Plaintiff's failure to state a claim against either of the officers and alternatively, for failure to comply with the Court's Order. 28 U.S.C. §§ 1915A and 1915(e); Fed. R. Civ. P. 41(b).

### C.    CCA-Silverdale

Although Plaintiff seemingly claims he requested and was denied protective custody from some unidentified person at CCA-Silverdale, he does not claim CCA-Silverdale has a custom, policy, or practice of failing to protect inmates from violent prisoners.  To succeed on a 42 U.S.C. § 1983 claim, Plaintiff must prove the deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Flagg Brothers Inc., v. Brooks,* 436 U.S. 149, 155 (1978).

The Sixth Circuit has instructed that CCA acts under color of state law as it perform "the traditional state function of operating a prison." *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996) (internal punctuation and citation omitted).  Yet, Plaintiff cannot rely on the theory of respondeat superior or vicarious liability to hold CCA liable.  *Id.* at 818.  Liability for placing an inmate in substantial risk of serious harm attaches in this case only if CCA's policies are shown to be the moving force behind Plaintiff's alleged placement under conditions posing a substantial risk of serious harm.

Plaintiff has failed to present any allegations or facts demonstrating that CCA's policies were the "moving force" behind his alleged dangerous housing.  Notably, Plaintiff does not request the Court to require CCA-Silverdale to place him in protective custody.  Rather, Plaintiff asks the Court to release him from custody and to provide protection to him and his family.  Plaintiff's requests to order his release from custody and protection for his family are not available remedies under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983").

Plaintiff's failure to demonstrate that the alleged violations of his constitutional rights resulted from acts representing official policy or custom adopted by CCA-Silverdale, has resulted in his failure to state a constitutional violation against CCA-Silverdale. Accordingly, CCA-Silverdale is entitled to judgment as a matter of law.

In sum, the complaint will be **DISMISSED** *sua sponte* in its entirety for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A and 1915(e)(Court Doc. 2).

An appropriate judgment will enter.


/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

8